**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: March 13, 2026
Date Decided: March 24, 2026

Brian E. Farnan, Esq.
Michael J. Farnan, Esq.
Farnan LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801

Raymond J. DiCamillo, Esq.
Matthew W. Murphy, Esq.
Andrew L. Milam, Esq.
Zachary R. Greer, Esq.
Richards Layton & Finger P.A.
920 N. King St.
Wilmington, DE 19801

RE: *Jay Sunny Bajaj v. OSP Razor Holdings LLC*,
C.A. No. 2025-0976-BWD

Dear Counsel:

This letter opinion denies defendant OSP Razor Holdings LLC's (the "Company") request for leave to move for summary judgment.

In this action, plaintiff Jay Sunny Bajaj ("Plaintiff"), a member and former director of the Company, alleges that the Company's board of directors (the "Board") has acted in bad faith by withholding tax distributions to members for calendar years 2022 through 2025. Verified Compl. for Equitable Relief [hereinafter Compl.] ¶¶ 1, 9, 13. The Company's Amended and Restated Limited Liability Company Agreement (the "Operating Agreement") requires that:

> Notwithstanding any other provision herein to the contrary, so long as the Company is treated as a partnership for federal income tax purposes, the Company shall, subject to having cash available after taking into account reasonable reserves as determined in the good faith discretion of the Board, make quarterly advance cash distributions to each Member in an amount equal to the Member's Quarterly Estimated Tax Amount for such quarter ("**Tax Distributions**")[.]

Compl., Ex. B [hereinafter OA] § 6.6 (emphasis in original).

In support of its request to move for summary judgment, the Company emphasizes that "Plaintiff must overcome a high bar" to prove that the Board did not act in good faith because, under the Operating Agreement, "the Board is 'conclusively presumed to be acting in good faith' when it acts on behalf of the Company and 'subjectively believes that . . . the decision or determination made . . . is in or is not opposed to the best interests of the Company.'" Ltr. from Matthew W. Murphy, Dated Mar. 6, 2026 at 1–2, Dkt. 74 (quoting OA § 4.7(c)). The Company asserts that "[d]iscovery has conclusively demonstrated that Plaintiff cannot meet this burden." *Id.* at 2. Plaintiff responds, among other arguments, that the Board failed to make quarterly determinations of the Company's available cash and reserves, the Company had adequate cash to pay tax distributions, and the Board's true motive for not making distributions was to "squeeze" Plaintiff and other members "to sell their equity at a discount." Ltr. from Michael J. Farnan in Response to Def.'s Mar. 6, 2026 Request for Leave to File Summ. J. at 2, Dkt. 82.

"[T]here is no absolute right to summary judgment, and it is within the discretion of the presiding judicial officer to require a developed record before rendering a decision on the merits." *Gerald N. & Myrna M. Smernoff Rev. Trs. v. King's Grant Condo. Ass'n*, 2022 WL 6331860, at \*1 (Del. Ch. Oct. 10, 2022) (footnote omitted). "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances." *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at \*5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at \*9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

Having considered the parties' submissions, I believe the Court will be best positioned to assess credibility and weigh evidence of the Board's motivations after trial, which is only weeks away. *See, e.g.*, *Mudrick Cap. Mgmt. L.P. v. QuarterNorth Energy Inc.*, 2026 WL 83766, at \*1 (Del. Ch. Jan. 12, 2026) (concluding that a "bad faith dispute [wa]s best resolved after a trial"). The Company's request for leave to move for summary judgment is DENIED.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:     All counsel of record (by File & ServeXpress)